[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PRODUCTION OF REQUESTED PERSONNEL FILES BY JULY 28, 2001
CT Page 13468-ee
In this case, plaintiffs Richard and Leslie Szczepanski have sued four defendants — the Town of Wolcott ("Town"), Town Police Chief James Watson and Town Police Officer Richard Cyr and one Romances Crawford — to recover money damages for injuries they claim to have suffered in a motor vehicle accident allegedly resulting from the Town defendants' negligence in conducting a high-speed vehicle chase of the fleeing defendant Crawford on August 27, 1997. The case is now before the Court on the plaintiffs' motion for production of the Town's personnel files for Chief Watson and Officer Cyr.
In their motion for production, the plaintiffs counter the defendants' objection that their request is overbroad by noting that they limited themselves to requesting the files of only two of the fifteen Town employees who were somehow involved in the events of August 27, 1997. Materials in those files, they further argue, would be relevant and material to the trial preparation process, for they would "detail the education, training, competence, abilities, experience, job history, attitude and capacity of the named defendants to perform their duties with respect to the events of August 27, 1997." Plaintiff's Motion, p. 2. "Such information, " claim the plaintiffs, "bears directly and/or inferentially on the alleged negligence of Cyr and Watson. The matters are material. They are at the heart of the case." Id.
In State v. Januszewski, 182 Conn. 142, 170-73 (1980), our Supreme Court recognized that even in a criminal case, where the right of the defendant to cross examine adverse witnesses enjoys explicit constitutional protection, the right of the defendant to discover the contents of a police officer's personnel file must be balanced against the officer's interest in preserving the confidentiality of his private and personal information. "The disclosure of such information, " ruled the Court,
 must be carefully tailored to a legitimate and demonstrated need for such information in any given case. Where disclosure of the personnel file would place in the hands of a defendant irrelevant or personal and sensitive information concerning the witness, the entire file should not be disclosed. No criminal defendant has the right to conduct a general "fishing expedition" into the personnel records of a police officer. Any request for information that does CT Page 13468-ef not directly relate to legitimate issues that may arise in the course of the criminal prosecution ought to be denied.
Id. at 172.
It is, of course, impossible to know the contents of a police officer's personnel file without examining it. Hence, noted the Court inJanuszewski, "[aim in camera inspection of the documents involved . . . will under most circumstances be necessary." Id. at 172-73. Even so, the Court was careful to note that such an in camera inspection need not be performed in every case where a police officer is expected to testify. Instead, declaring that "routime access to personnel files is not to be had[,]" id. at 173, the Court ruled that
 [r]equests for information should be specific and should set forth the issue in the case to which the personnel information sought will relate. The trial court should make available to the defendant only information that it concludes is clearly material and relevant to the issue involved.
Id.
In this case, the plaintiffs have made a broad-based request for the production of the entire personnel file of each of the individual Town defendants. Instead of focusing their request on one or more particular issues in the case to which the contents of the files may logically be relevant, and/or categories of information that may bear upon these issues, the plaintiffs seek literally everything in the requested files because of what it may show, "directly and/or inferentially, " concerning the defendants' education, training, competence, abilities, experience, attitude and capacity to perform these duties on August 27, 1997. If ever there was a fishing expedition, this is it.
The Court has no doubt that parts of each requested personnel file will ultimately prove to be producible under the rule of Januszewski. Before such production can be ordered, however, the plaintiffs must comply withJanuszewski by presenting the Court and opposing counsel with a specific request for information which sets forth the issues in the case to which the information sought will relate. Only then will the Court conduct an in camera inspection of the files to identify those portions thereof which are "clearly material and relevant to the issue[s] involved." Id. at 173. CT Page 13468-eg
For the foregoing reasons, the plaintiffs' motion is hereby DENIED WITHOUT PREJUDICE to re-submission in a manner that complies with the rule of State v. januszewski, supra.
It is so ORDERED this 19th day of September, 2001.
MICHAEL R. SHELDON, J.